# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC.; and JERRY MOSCOVITCH | § § § | |
| Plaintiff, | § § | CAUSE NO. 2:09-cv-358 |
| v. | § § | |
| 9X MEDIA, INC.; PLANAR SYSTEMS, INC.; ATDEC PTY LTD; ERGOTECH GROUP, INC.; HUMAN SCALE CORPORATION; INNOVATIVE OFFICE PRODUCTS, INC.; NAPLES TECHNOLOGY, INC.; WORKRITE ERGONOMICS, INC.; KNOLL, INC.; SPACECO BUSINESS SOLUTIONS, INC.; PFG VENTURES, LP d/b/a PROFORMA AMERICAN FILING SOLUTIONS; CUSTOM PRODUCTS AND SERVICES, INC.; E-FILLIATE, INC. d/b/a ZIOTEK; PROGRESSIVE MARKETING PRODUCTS, INC. d/b/a PREMIER MOUNTS; AFC INDUSTRIES, INC.; ESI ERGONOMIC SOLUTIONS, L.L.C.; MEDIA MOUNTS, INC.; EIZO NANAO TECHNOLOGIES, INC.; HERMAN MILLER, INC.; WALL STREET TRADING DESKS, INC.; SALLAS INDUSTRIAL COMPANY, LTD.; GRAND STANDS, INC.; ERGONOMIC ACCESSORIES INTERNATIONAL CORPORATION; TARGUS, INC.; K AND A MANUFACTURING, INC. d/b/a RIGHT ANGLE PRODUCTS; ERGOTECT CORPORATION d/b/a ERGOMART.COM ; VARTECH SYSTEMS, INC.; WOODTRONICS, INC. and SBFI NORTH AMERICA; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Mass Engineered Design, Inc. and Jerry Moscovitch file this Complaint for patent infringement against 9X Media, Inc.; Planar Systems, Inc.; Atdec Pty Ltd.; Egotech Group, Inc.; HumanScale Corporation; Innovative Office Products, Inc.; Naples Technology, Inc.; Workrite Ergonomics, Inc.; Knoll, Inc.; Spaceco Business Solutions, Inc.; PFG Ventures, LP d/b/a Proforma American Filing Solutions; Custom Products and Services, Inc.; E-Filliate, Inc. d/b/a Ziotek; Progressive Marketing Products, Inc. d/b/a Premier Mounts; AFC Industries, Inc.; ESI Ergonomic Solutions, L.L.C.; Media Mounts, Inc.; Eizo Nanao Technologies, Inc.; Herman Miller, Inc.; Wall Street Trading Desks, Inc.; Sallas Industrial Company, Ltd.; Grand Stands, Inc.; Ergonomic Accessories International Corporation; Targus, Inc.; K and A Manufactoring, Inc. d/b/a Right Angle Products; Ergotect Corporation d/b/a Ergomart.com; VarTech Systems, Inc.; Woodtronics Inc. and SBFI North America and for its cause of action states the following:

**THE PARTIES**

1. Plaintiff Mass Engineered Design, Inc. is a corporation organized and existing under the laws of the province of Ontario, Canada.  Plaintiff Jerry Moscovitch is an individual residing in the province of Ontario, Canada.  Mass Engineered Design, Inc. and Jerry Moscovitch are referred to herein collectively as "MASS."

2. MASS is informed and believes, and on that basis alleges, that Defendant 9X Media, Inc. ("9X Media") is a corporation organized and existing under the laws of the State of California and has a place of business at 20711 Bear Creek Road, Los Gatos, California 95003. 9X Media can be served with process by serving its registered agent, Nike Mikes at 20711 Bear Creek Road, Los Gatos, CA  95033-8230.

3.      MASS is informed and believes, and on that basis alleges, that Defendant Planar Systems, Inc. ("Planar") is a corporation organized and existing under the laws of the State of Oregon and has a place of business at 1195 NW Compton Drive, Beaverton, Oregon 97006. Planar can be served with process by serving its registered agent, AW Services Inc. at 1331 NW Lovejoy St., Ste 900, Portland, OR 97209-3280.

4.      MASS is informed and believes, and on that basis alleges, that Defendant Atdec Pty Ltd. ("Adtec") is a corporation organized and existing under the laws of Australia and has a place of business at Level 1, 26 Castereagh St., Liverpool NSW 2170 Australia.

5.      MASS is informed and believes, and on that basis alleges, that Defendant ErgoTech Group, Inc. ("Ergotech") is a corporation organized and existing under the laws of the State of New York and has a place of business at 8 Westchester Plaza, Elmsford, New York 10523. Ergotech can be served with process by serving Michael Dimola at 101 North Middletown Road, Nanuet, New York 10954.

6.      MASS is informed and believes, and on that basis alleges, that Defendant HumanScale Corporation ("HumanScale") is a corporation organized and existing under the laws of the State of New York and has a place of business at 11 East 26th Street 8th Floor New York, New York 10010. HumanScale can be served with process by serving its registered agent, Patrick Hoeffner at 11 E. 26th Street, 8th Floor, New York, NY 10010-1425.

7.      MASS is informed and believes, and on that basis alleges, that Defendant Innovative Office Products, Inc. ("Innovative") is a corporation organized and existing under the laws of the State of Pennsylvania and has a place of business at 100 Kuebler Rd., Easton, Pennsylvania 18040.  Innovative can be served with process by serving its President at 100 Kuebler Rd, Easton, PA  18042.

8. MASS is informed and believes, and on that basis alleges, that Defendant Naples Technology, Inc. ("Naples") is a corporation organized and existing under the laws of the State of Florida and has a place of business at 5430 Jaeger Rd. Naples, Florida 34109. Naples can be served with process by serving its registered agent, Leonard Osborne at 5430 Jaeger Rd., Ste 102, Naples, FL 34109.

9. MASS is informed and believes, and on that basis alleges, that Defendant Workrite Ergonomics, Inc. ("Workrite") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1450 Technology Lane Petaluma, CA 94954. Workrite can be served with process by serving its registered agent, National Registered Agents, Inc. at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

10. MASS is informed and believes, and on that basis alleges, that Defendant Knoll, Inc. ("Knoll") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1235 Water Street East Greenville, PA 18041. Knoll can be served with process by serving its registered agent, CT Corporation System at 350 N. Saint Paul St, Dallas, TX 75201-4240.

11. MASS is informed and believes, and on that basis alleges, that Defendant Spaceco Business Solutions, Inc. ("SBSI") is a corporation organized and existing under the laws of the State of Nevada and has a place of business at 13100 E. Albrook Dr. Suite 100 Denver, CO 80239. SBSI can be served with process by serving its registered agent, Alling & Jillson, Ltd. At 2000 Stateline, Stateline, NV 89449.

12. MASS is informed and believes, and on that basis alleges, that Defendant PFG Ventures, LP (d/b/a Proforma American Filing Solutions) ("PFG") is a limited partnership organized and existing under the laws of the State of Ohio and has a place of business at 27728

Almont Way, Romoland, CA 92585. PFG can be served with process by serving its registered agent, Brian F. Smith at 8800 E. Pleasant Valley Rd., Independence, OH 44131-5558.

13. MASS is informed and believes, and on that basis alleges, that Defendant Custom Products and Services, Inc. ("CPSI") is a corporation organized and existing under the laws of the State of Minnesota and has a place of business at 6140 Claude Way E., Inver Grove Heights, MN 55076.

14. MASS is informed and believes, and on that basis alleges, that Defendant E-filiate, Inc. (d/b/a/ Ziotek) ("Ziotek") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 11321 White Rock Road Rancho Cordova, CA 95742-6505. Ziotek can be served with process by serving its registered agent, The Company Corporation at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

15. MASS is informed and believes, and on that basis alleges, that Defendant Progressive Marketing Products, Inc. (d/b/a Premier Mounts) ("Premier") is a corporation organized and existing under the laws of the State of California and has a place of business at 3130 E. Miraloma Avenue Anaheim, CA 92806 USA. Premier can be served with process by serving its registered agent, Leonard B. Dozier at 3130 E. Miraloma Ave., Anaheim, CA 92806-1906.

16. MASS is informed and believes, and on that basis alleges, that Defendant AFC Industries, Inc. ("AFC") is a corporation organized and existing under the laws of the State of New York and has a place of business at 1316 133rd Place College Point, NY 11356. AFC can be served with process by serving its Chairman or CEO at 1316 133rd Place, College Point, NY 11356-2024.

17. MASS is informed and believes, and on that basis alleges, that Defendant ESI Ergonomic Solutions, L.L.C. ("ESI") is a limited liability company organized and existing under the laws of the State of Arizona and has a place of business at 4030 E. Quenton Drive Suite 101 Mesa, AZ 85215. ESI can be served with process by serving its registered agent, Carol Keogh at 4828 E. Patrick Ln, Phoenix, AZ 85054-6133.

18. MASS is informed and believes, and on that basis alleges, that Defendant Mediamounts, Inc. ("Mediamounts") has a place of business at 415 Lawrence Bell Suite 2 Williamsville, NY 14221. Mediamounts can be served with process by serving the President of the company at 415 Lawrence Bell, Suite 2, Williamsville, NY 14221.

19. MASS is informed and believes, and on that basis alleges, that Defendant Eizo Nanao Technologies, Inc. ("Eizo") is a corporation organized and existing under the laws of California and has a place of business at 5710 Warland Dr., Cypress, CA 90630-5030. Eizo can be served with process by serving its registered agent, Thomas Waletzki at 5710 Warland Dr., Cypress, CA 90630-5030.

20. MASS is informed and believes, and on that basis alleges, that Defendant Herman Miller, Inc. ("Herman Miller") is a corporation organized and existing under the laws of the State of Michigan and has a place of business at 855 East Main Ave. P.O. Box 302 Zeeland, Michigan 49464-0302 USA. Herman Miller can be served with process by serving its registered agent, National Registered Agents, Inc. at 16055 Space Center Blvd., Ste 235, Houston, TX 77062-6212.

21. MASS is informed and believes, and on that basis alleges, that Defendant Wall Street Trading Desks, Inc. ("Wall Street") is a corporation organized and existing under the laws of the State of North Carolina and has a place of business at 1504 East Franklin Street Suite 100

Chapel Hill, NC 27514. Wall Street can be served with process by serving its registered agent, Kitty Brown at 1504 E. Franklin St., Chapel Hill, NC 27514-2820.

22. MASS is informed and believes, and on that basis alleges, that Defendant Sallas Industrial Co., Ltd. ("Sallas") is a corporation organized and existing under the laws of Taiwan and has a place of business at 2F. No. 11, Lane 77, Xing-Ai-Rd., Taipei 11494, Taiwan.

23. MASS is informed and believes, and on that basis alleges, that Defendant Grand Stands, Inc. ("Grand Stands") is a corporation organized and existing under the laws of the State of California and has a place of business at 2617 South Peck Road Monrovia, CA 91016-5002. Grand Stands can be served with process by serving its registered agent, Eugene S. Alkana at 131 N. El Molino Ave., Ste 310, Pasadena, CA 91101-1878.

24. MASS is informed and believes, and on that basis alleges, that Defendant Ergonomic Accessories International Corporation ("EAIC") is a corporation organized and existing under the laws of Canada and has a place of business at 15 West Pearce St. Unit 11 Richmond Hill, ON L4B 1H6.

25. MASS is informed and believes, and on that basis alleges, that Defendant Targus, Inc. ("Targus") is a corporation organized and existing under the laws of the State of New York and has a place of business at 1211 North Miller Street Anaheim, CA 92806. Targus can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 701 Brazos St, Ste 1050, Austin, TX 78701-3232.

26. MASS is informed and believes, and on that basis alleges, that Defendant K and A Manufacturing, Inc. (d/b/a Right Angle Products) ("K and A") is a corporation organized and existing under the laws of the State of Michigan and has a place of business at 32851 Groat

7

27.     MASS is informed and believes, and on that basis alleges, that Defendant Ergotect Corporation (d/b/a Ergomart.com) ("Ergomart") is a corporation organized and existing under the laws of the State of Texas and has a place of business at 5200 East Grand Avenue Building 5 Suite 500, Dallas, TX 75223.  Ergomart can be served with process by serving its registered agent, Michael John Sears, 3309 Elm St., Ste 350, Dallas, TX  75226-1637.

28.     MASS is informed and believes, and on that basis alleges, that Defendant VarTech Systems, Inc. ("VarTech") is a corporation organized and existing under the laws of the State of Colorado and has a place of business at 11529 Sun Belt Ct. Baton Rouge, LA 70809.  VarTech can be served with process by serving its registered agent, Corporation Service Company, 1560 Broadway, Ste 2090, Denver, CO  80202-5180.

29.     MASS is informed and believes, and on that basis alleges, that Defendant Woodtronics, Inc. ("Woodtronics") is a corporation organized and existing under the laws of the State of Pennsylvania and has a place of business at 110 Reynolds St., Williamsport 17701.  Woodtronics can be served with process by serving its President at 110 Reynolds St., Williamsport, PA  17702-7123.

30.     MASS is informed and believes, and on that basis alleges, that Defendant SBFI North America ("SBFI") is a corporation organized and existing under the laws of the State of North Carolina and has a place of business at 123 Lyman Street Asheville, NC 28801 USA.  SBFI can be served with process by serving its registered agent, Thomas Finger at PO Box 15499, Asheville, NC  28813-0499.

## JURISDICTION AND VENUE

31. This is an action for violation of the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that the Defendants do business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling MASS to relief.

## INFRINGEMENT OF U.S. PATENT NO. RE 36,978

32. On November 18, 1997, U.S. Patent No. 5,687,939 was duly and legally issued for an invention entitled "Dual Display System" On December 5, 2000, Patent No. 5,687,939 was duly and legally reissued and assigned Patent No. RE 36,978 (the "'978 Patent"). JERRY MOSCOVITCH is and always has been the sole owner of the '978 Patent and has licensed it to MASS ENGINEERED DESIGN, INC. Collectively, JERRY MOSCOVITCH and MASS ENGINEERED DESIGN, INC. hold all rights and interests in the '978 Patent. A True and correct copy of the '978 Patent is attached hereto as Exhibit A.

33. 9X Media has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its X-Top products, X-Desk products and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. 9X Media is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

34. Planar has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such the AS2 Dual Monitor Stand, the Quad Monitor Stand and other products, and by its contributing to and inducement of

others to manufacture, use, sell, import and/or offer for sale of infringing products. Planar is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

35.  Atdec has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Spacedec Acrobat Swing Arm Double, Visidec Focus Articulated Arm Double, Visidec Freestanding Double Horizontal, Visidec Freestanding Quad and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products.  Atdec is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

36.  ErgoTech has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Dual Horizontal Direct Mount Systems (e.g., Model Nos. 100-F16-B02; 100-S16-B02; 100-G16-B02; 100-C16-B02) Dual Horizontal Articulating Mount Systems (e.g., Model Nos. 200-S16-BO2; 200-G16-BO2; 200-F16-BO2; and 200-C16-BO2), OneTouch Dual Arm Systems (e.g., Model Nos. 300-F02-S02; 300-G02-S02; 300-C02-S02; 300-W02-S02); Triple Tiered Multiple Monitor Mount Systems; Apex Series Systems  and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. ErgoTech is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

37.  HumanScale has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as Model Nos. M7G, M7H, its Crossbar products and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products.  HumanScale is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

38. Innovative has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Arcview Flat Panel Mounting Systems, Duopod products, Quadropod products, Model 9120 Series, Model 9113 Series, Model 9163 Series, Model 9124 Series and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Innovative is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

39. Naples has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Model Nos. KT220, KT225, KC220, KT320, KT325, KT440, KT445, KT431, KT660, KT665, KT880, KT885, EG81255c, EG1288, EG1200, KT990, EG61255, EG81266c, EG61244, EG81244, EG61233c, EG61222 and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Naples is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

40. Workrite has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its SwingArm – Dual and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Workrite is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

41. Knoll has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Wishbone products when configured for use with multiple monitors and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of

infringing products. Knoll is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

42. SBSI has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as it SpaceArm products when configured for use with multiple monitors and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. SBSI is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

43. PFG has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its E-Motion products (e.g., Model No. ADFSP4), Duo Support Systems products, Tetra Support System products and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. PFG is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

44. CPSI has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Access E-motion Double Arm, Duo Support Systems and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. CPSI is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

45. Ziotek has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such its Dual LCD Adjustable Desk Clamp Mount (Model No. ZT1110332), Dual Monitor Stand (Model No. ZT1110325), Dual Monitor Stand Desk Clamp (Model No. ZT1110327), Flat Panel Monitor Shelf (Model No. ZT1110300), Gas-spring Twin LCD Arm (Model No. ZT1110266), Multi

LCD Monitor Desk Clamp Mount Kit (Model No. ZT1110333), Quad LCD Monitor Desk Clamp (Model No. ZT1110360), Quad LCD Monitor Stand (Model No. ZT1110329) and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Ziotek is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

46.     Premier has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Multi-Monitor Mount with table adapter (MMT), Multi-Monitor Mount Additional Arm (MMA), and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Premier is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

47.     AFC has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Z Series products for use with multiple monitors, EZ Series products, and Model No. AFCRail02-W08, AFCZ200-03G-W08, PedPolArm-W08 and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. AFC is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

48.     ESI has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its 01 Series Products (Model Nos. MMFS2, MMFS3, MMFS4 and MMFS6), ELITE2 products and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. ESI is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

49.     Media Mounts has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its GX Dual LCD Counterbalance Desk Mount product and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Media Mounts is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

50.     Eizo has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Dual Height Adjustable Stands (Model Nos. LS-HM1-D and LS-HM0-D) and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Eizo is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

51.     On or about January 28, 2008, Mass and Eizo executed a license agreement with regard to approximately 17 infringing mounting units. Mass does not allege it is entitled to damages as a result of the manufacture, use, sale, importation and/or offer for sale of any of these previously licensed units.

52.     Herman Miller has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Dual Monitor Arm and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Herman Miller is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

53.     Wall Street has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its

Level Two and Level Five trading desks, when configured with multi-montior mounts, its Sidewinder products when configured for multi-screen use and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Wall Street is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

54.  Sallas has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its 60210 Series products, 60227 Series products when configured for use with multiple monitors and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Sallas is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

55.  Grand Stands has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its ErgoFlex products (e.g., Model Nos. 8552MAP, 8553MAP, 8554MAP), ProERGOFlex products (e.g., Model No. 8562MA), Metro Arm products (e.g., Model No. 8652MS-HD) and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Grand Stands is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

56.  EAIC has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as Model Nos. MS530, MS540, MS560, 27384, 27385, 27388, 27389 and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. EAIC is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

57. K and A has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Hover LCD Mount products (e.g., Model Nos. H3221C/G, H3211C/G, H1221C/G, H1211C/G, H1422C/G, H1321C/G, and H1412C/G) and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. K and A is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

58. Targus has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Ergonomic Dual LCD Display Arm products (e.g., Model No. AWE33US) and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Targus is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

59. Ergomart has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as Model No. SA4A, AM 2415, SA2A, AM2-1P, AM2-2P, AM4-2P, 2018-2, 2018-3 and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. Ergomart is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

60. VarTech has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as Model No. VT9177-2, VT9177-3, VT7500-W and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products. VarTech is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

61.     Woodtronics has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Elevation products, Evolution products and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products.  Woodtronics is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

62.     SBFI has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Axiom Adjustable Monitor Arm when configured for use with multiple monitors and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale of infringing products.  SBFI is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

63.     In accordance with 35 U.S.C. § 287, MASS has marked the products manufactured and sold by MASS that fall within the claims of the '978 patent Defendants' acts of infringement have caused damage to MASS and MASS is entitled to recover from Defendants' wrongful acts in an amount subject to proof at trial. Defendants' Infringement of MASS' patent rights under the '978 Patent will continue to damage MASS, causing it irreparable harm for which there is no adequate remedy at law, unless enjoined by the court. Considering the balance of hardships between MASS and Defendants, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

## **JURY DEMAND**

Mass demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JERRY MASCOVITCH and MASS ENGINEERED DESIGN, INC. request entry of judgment in their favor and against Defendants including the following:

A.	A Finding that Defendants have infringed U.S. Patent No. RE 36,978;

B.	A permanent injunction enjoining Defendants and their respective officers, agents, employees and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent No 36,978;

C.	An award of the damages arising out of Defendants' Infringement of U.S. Patent No. RE 36,978;

D.	A Finding that this case is an exceptional case, and an award of attorneys' fees to MASS pursuant to 35 U.S.C. § 285 and/or as otherwise permitted by law;

E.	An award of pre-judgment and post-judgment interest in amounts according to proof;

F.	Costs of court; and

G.	For such other relief as the Court may deem as just and proper

DATED:  November 12, 2009

Respectfully submitted,

/s/ Edward W. Goldstein
Edward W. Goldstein – Lead Attorney
Texas Bar No. 08099500
Stephen F. Schlather
Texas Bar No. 24007993
GOLDSTEIN, FAUCETT & PREBEG L.L.P

1177 West Loop South, Suite 400
Houston, Texas 77027
(713) 877-1515 – Telephone
(713) 877-1737 – Facsimile

*ATTORNEYS FOR PLAINTIFF*

Case 2:09-cv-00358-JRG Document 1 Filed 11/12/09 Page 19 of 19 PageID #: 19