IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. 2:09-cv-00358-TJW |
| WALL STREET TRADING DESKS, INC., *et al.*, | § § § | |
| Defendants. | § | |

### DEFENDANT WALL STREET TRADING DESKS, INC.'S MOTION AND MEMORANDUM TO DISMISS

#### I.   MOTION

Defendant Wall Street Trading Desks, Inc. moves this Court for an order to dismiss this case for improper venue under Fed. R. Civ. Pro. 12(b)(3).

#### II.   OVERVIEW

Defendant Wall Street Trading Desks, Inc. ("WSTD") is located in Chapel Hill, North Carolina. Plaintiffs Mass Engineered Design, Inc. and Jerry Moscovitch filed suit against WSTD and twenty-nine other unrelated defendants in the Eastern District of Texas, alleging patent infringement. WSTD has *never* engaged in any business or sales in the Eastern District of Texas since the company's founding in 1994, and has no contacts with the Eastern District of Texas. WSTD respectfully urges this Court to dismiss this lawsuit for improper venue.

#### III.   ARGUMENT

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides that patent infringement actions may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The burden of showing that venue is proper is on the plaintiff. As set forth in

detail below, WSTD does not have a place of business in the Eastern District of Texas, has not sold any products in the Eastern District of Texas, and lacks even minimal contacts with the Eastern District of Texas. Consequently, plaintiff cannot possibly meet its burden of showing that venue is proper.

**A.    WSTD Does Not Have a Regular and Established Place of Business in the Eastern District of Texas and Has Not Committed Acts of Infringement in the Eastern District of Texas**

The second prong of the venue statue can be quickly disposed. As set forth in the attached affidavit, WSTD has a single office located in Chapel Hill, North Carolina, from which it takes and ships all orders. (Stockton Aff. ¶¶ 3-4.) It does not maintain an office or other place of business in Texas. (Stockton Aff. ¶ 5.) WSTD has never sold any products into the Eastern District of Texas. (Stockton Aff. ¶ 8.) Thus, venue in this case can not rest on the second prong of the patent venue statute because WSTD has not committed any acts of infringement in the Eastern District of Texas and does not have a regular and established place of business in the Eastern District of Texas.

**B.    WSTD Does Not Reside in the Eastern District of Texas**

The first prong of the venue statue permits venue in any judicial district in which the defendant resides. For purposes of venue, a corporation is deemed to reside in judicial district where it is incorporated, and in any district where "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(c). Therefore, the determination of venue under the first prong involves an analysis of WSTD's contacts with the Eastern District of Texas, and whether those contacts are sufficient to satisfy due process.

As set forth in the attached affidavit, WSTD lacks even minimal contacts with the Eastern District of Texas. As previously noted, WSTD is incorporated in North Carolina and has a single office located in Chapel Hill, North Carolina, from which it takes and ships all orders.

(Stockton Aff. ¶¶ 2-3.)  The allegedly infringing products are shipped by an overseas third party to WSTD's office in Chapel Hill, North Carolina, and then packaged for shipment to its customers.  (Stockton Aff. ¶ 4.)  WSTD does not have an office or other place of business in the Eastern District of Texas, and does not have a distributor or sales agent operating in the Eastern District of Texas.  (Stockton Aff. ¶¶ 5, 7.)  While WSTD maintains a website accessible over the Internet, it does not conduct any advertising directed specifically to persons in the Eastern District of Texas.  WSTD does not own any property in the Eastern District of Texas.  (Stockton Aff. ¶ 6.)  Finally, WTSD has never conducted business within the Eastern District of Texas and has never sold its products in the Eastern District of Texas.  (Stockton Aff. ¶¶ 8, 9.)

WSTD lacks even minimal contacts with the Eastern District of Texas.  Therefore, venue is not proper in the Eastern District of Texas and this action should therefore be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, WSTD respectfully urges the Court to grant its Motion to Dismiss for improper venue.

Respectfully submitted, this the 15th day of March, 2010.

By:   COATS & BENNETT, PLLC
Attorneys for Defendant Wall Street Trading Desks, Inc.
Admitted *pro hac vice*

*/s/ Anthony J. Biller*
Anthony J. Biller
N.C. State Bar No. 24,117
David E. Bennett
N.C. State Bar No. 12,864
1400 Crescent Green, Suite 300
Cary, North Carolina 27518
Telephone:   (919) 854-1844
Facsimile:    (919) 854-2084
E-mail: abiller@coatsandbennett.com

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on the 15th day of March, 2010, I electronically filed the **DEFENDANT WALL STREET TRADING DESKS, INC.'S MOTION AND MEMORANDUM TO DISMISS** with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

               */s/ Anthony J. Biller*
               Anthony J. Biller
               Attorney for Defendant Wall Street Trading Desks, Inc.
               Admitted *pro hac vice*