IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC.; and JERRY MOSCOVITCH,<br><br>Plaintiffs,<br><br>v.<br><br>9X MEDIA, INC.; PLANAR SYSTEMS, INC.; ATDEC PTY LTD; ERGOTECH GROUP, INC.; HUMAN SCALE CORPORATION; INNOVATIVE OFFICE PRODUCTS, INC.; NAPLES TECHNOLOGY, INC., WORKRITE ERGONOMICS, INC.; KNOLL, INC.; SPACECO BUSINESS SOLUTIONS, INC.; PFG VENTURES, LP, d/b/a PROFORMA AMERICAN FILING SOLUTIONS; CUSTOM PRODUCTS AND SERVICES, INC.; E-FILLIATE, INC. d/b/a ZIOTEK; PROGRESSIVE MARKETING PRODUCTS, INC. d/b/a PREMIER MOUNTS; AFC INDUSTRIES, INC.; ESI ERGONOMIC SOLUTIONS, L.L.C.; MEDIA MOUNTS, INC.; EIZO NANAO TECHNOLOGIES, INC.; HERMAN MILLER, INC.; WALL STREET TRADING DESKS, INC.; SALLAS INDUSTRIAL COMPANY, LTD.; GRAND STANDS, INC.; ERGONOMIC ACCESSORIES INTERNATIONAL CORPORATION; TARGUS, INC.; K AND A MANUFACTURING, INC. d/b/a RIGHT ANGLE PRODUCTS; ERGOTECT CORPORATION d/b/a ERGOMART.COM; VARTECH SYSTEMS, INC.; WOODTRONICS, INC.; and SBFI NORTH AMERICA,<br><br>Defendants. | C.A. No.: 2:09-cv-00358<br><br>JURY TRIAL DEMANDED |

ANSWER TO COMPLAINT

1

# DEFENDANT 9X MEDIA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant 9X MEDIA, INC. ("9X Media"), by and through its undersigned counsel, submits the following Answer and Affirmative Defenses to Plaintiffs MASS ENGINEERED DESIGN, INC.'s ("Mass") and JERRY MOSCOVITCH's ("Moscovitch") Original Complaint for Patent Infringement (the "Complaint"):

## ANSWER

### THE PARTIES

1. 9X Media is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. 9X Media admits the allegations in Paragraph 2 of the Complaint.

3. 9X Media is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 3 through 30 of the Complaint and therefore denies the same.

### JURISDICTION AND VENUE

4. 9X Media admits that Plaintiffs filed this action alleging violation of the patent laws of the United States and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338 because Plaintiffs' alleged claims arise under the patent laws of the United States. Except as specifically admitted herein, 9X Media denies each and every other allegation in Paragraph 31 of the Complaint.

### INFRINGEMENT OF U.S. PATENT NO. RE 36,978

5. 9X Media acknowledges that U.S. Patent No. 5,687,939 (the "'939 Patent") was purportedly issued on November 18, 1997 and that it is entitled "Dual Display System." 9X Media further acknowledges that the '939 Patent was purportedly reissued as U.S. Patent No. RE 36,978 (the "'978 Patent") on December 5, 2000 and that the '978 Patent was attached as Exhibit A to the Complaint. Except as specifically admitted herein, 9X Media denies each and every other allegation in Paragraph 32 of the Complaint.

///

6. 9X Media denies each and every allegation contained in Paragraph 33 of the Complaint.

7. 9X Media is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 34 through 62 of the Complaint and therefore denies the same.

8. 9X Media is without knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 63 of the Complaint that Mass has marked the products manufactured and sold by Mass that fall within the claims of the '978 patent and therefore denies the same. Except as specifically admitted herein, 9X Media denies each and every other allegation in Paragraph 63 of the Complaint.

## JURY DEMAND

9. 9X Media acknowledges that Mass has demanded a trial by jury on all issues so triable in the Complaint.

## PRAYER FOR RELIEF

10. 9X Media denies each and every allegation contained in Plaintiffs' prayer for relief in the Complaint.

## AFFIRMATIVE DEFENSES

Further answering to the Complaint, and by way of affirmative defenses thereto, this answering Defendant alleges as follows:

**AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that the '978 patent is invalid and/or unenforceable under the patent laws of the United States, 35 U.S.C. § 1, et *seq.*, including the failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

**AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that it has not infringed, and is not infringing any of the claims of the '978 patent asserted by Plaintiffs either directly, contributorily, or by inducement.

///

3

ANSWER TO COMPLAINT

**AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that the Complaint fails to state facts sufficient to state a claim against this answering Defendant upon which relief may be granted.

**AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that Plaintiffs are barred from asserting the '978 Patent against this answering Defendant, in whole or in part, by the doctrine of laches.

**AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that Plaintiffs are barred from asserting the '978 Patent against this answering Defendant, in whole or in part, by the doctrine of estoppel.

**AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that Plaintiffs are barred from asserting the '978 Patent against this answering Defendant, in whole or in part, by the doctrine of waiver.

**AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that Plaintiffs are barred from asserting the '978 Patent against this answering Defendant, in whole or in part, by the doctrine of acquiescence.

**AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that Plaintiffs' claim and prayer for relief in the Complaint are barred and/or limited by the statute of limitations.

**AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant alleges that Plaintiffs' pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287 and are, therefore, limited to those damages occurring after notice of infringement to this answering Defendant and/or after Plaintiffs provided proper public notice.

**AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,** this answering Defendant reserves the right to allege other affirmative defenses as they may arise during the course of discovery.

///

///

WHEREFORE, this answering Defendant prays for judgment as follows:

1. A dismissal with prejudice of Plaintiffs' claim(s) asserted against 9X Media in the Complaint;

2. A judicial determination that 9X Media did not and does not infringe the '978 Patent;

3. That Plaintiffs take nothing by reason of the Complaint on file herein;

4. For reasonable attorney's fees;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED: April 5, 2010

Respectfully submitted,

/s/ Trevor J. Zink
Trevor J. Zink, Esq. – Lead Attorney
California Bar Number: 218860
OMNI LAW GROUP, LLP
1500 E. Hamilton Ave., Suite 202
Campbell, CA 95008
408.879.8500 (P)
408.879.8501 (F)
tzink@omnillp.com

*ATTORNEYS FOR DEFENDANT*
9X Media, Inc.

5

ANSWER TO COMPLAINT