**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC.; and JERRY MOSCOVITCH, <br><br>     Plaintiffs and Counterclaim-Defendants; <br><br>     v. <br><br> 9X MEDIA, INC.; PLANAR SYSTEMS, INC.; ATDEC PTY LTD; ERGOTECH GROUP, INC.; HUMAN SCALE CORPORATION; INNOVATIVE OFFICE PRODUCTS, INC.; NAPLES TECHNOLOGY, INC.; WORKRITE ERGONOMICS, INC.; KNOLL, INC.; SPACECO BUSINESS SOLUTIONS, INC.; PFG VENTURES, LP, d/b/a PROFORMA AMERICAN FILING SOLUTIONS; CUSTOM PRODUCTS AND SERVICES, INC.; E-FILLIATE, INC. d/b/a ZIOTEK; PROGRESSIVE MARKETING PRODUCTS, INC. d/b/a PREMIER MOUNTS; AFC INDUSTRIES, INC.; ESI ERGONOMIC SOLUTIONS, L.L.C.; MEDIA MOUNTS, INC.; EIZO NANAO TECHNOLOGIES, INC.; HERMAN MILLER, INC.; WALL STREET TRADING DESKS, INC.; SALLAS INDUSTRIAL COMPANY, LTD.; GRAND STANDS, INC.; ERGONOMIC ACCESSORIES INTERNATIONAL CORPORATION; TARGUS, INC.; K AND A MANUFACTURING, INC. d/b/a RIGHT ANGLE PRODUCTS; ERGOTECT CORPORATION d/b/a ERGOMART.COM; VARTECH SYSTEMS, INC.; WOODTRONICS, INC.; SBFI NORTH AMERICA; and SYNNEX CORPORATION, <br><br>     Defendants. | Civil Action No. 2:09-CV-00358-TJW <br><br><br> **JURY TRIAL DEMANDED** |

**<u>DEFENDANT INNOVATIVE OFFICE PRODUCTS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant Innovative Office Products, Inc. (hereinafter "IOP"), by and through its undersigned counsel, submits the following Answer, Affirmative Defenses, and Counterclaim to Plaintiffs' Mass Engineered Design, Inc. (hereinafter "Mass") and Jerry Moscovitch (hereinafter "Moscovitch") (hereinafter collectively "Plaintiffs") First Amended Complaint for Patent Infringement (hereinafter "Amended Complaint").

## THE PARTIES

1.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint, and therefore denies the same.

2.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint, and therefore denies the same.

3.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint, and therefore denies the same.

4.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and therefore denies the same.

5.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, and therefore denies the same.

6.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint, and therefore denies the same.

7.      Admitted.

8.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, and therefore denies the same.

9.      IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, and therefore denies the same.

10.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint, and therefore denies the same.

11.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint, and therefore denies the same.

12.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint, and therefore denies the same.

13.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint, and therefore denies the same.

14.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint, and therefore denies the same.

15.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint, and therefore denies the same.

16.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, and therefore denies the same.

17.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint, and therefore denies the same.

18.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint, and therefore denies the same.

19.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint, and therefore denies the same.

20.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint, and therefore denies the same.

21.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint, and therefore denies the same.

22.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint, and therefore denies the same.

23.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint, and therefore denies the same.

24.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint, and therefore denies the same.

25.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint, and therefore denies the same.

26.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and therefore denies the same.

27.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint, and therefore denies the same.

28.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, and therefore denies the same.

29.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, and therefore denies the same.

30.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, and therefore denies the same.

31.      IOP is without knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 31 of the Amended Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

32.      Admitted in part and denied in part.  IOP admits that Plaintiffs filed this action

alleging violations of the patent laws of the United States, and therefore that this court has

subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  IOP admits that it does

business in this District.  IOP denies the remaining allegations set forth in paragraph 32 of the

Amended Complaint.

## INFRINGEMENT OF U.S. PATENT NO. RE36,978

33.      Admitted in part and denied in part.  IOP acknowledges that U.S. Patent No.

5,687,939 (hereinafter the "'939 Patent") issued on November 18, 1997 and that the '939 Patent

is entitled "Dual Display System".  IOP acknowledges that the '939 Patent was reissued as U.S.

Patent No. RE36,978 (hereinafter the "'978 Patent") on December 5, 2000.  IOP admits that a

true and correct copy of the '978 Patent was attached to the Amended Complaint as Exhibit A.

IOP denies that either the '939 Patent or the '978 Patent were duly and legally issued. IOP is

without knowledge sufficient to form a belief as to the truth of the remaining allegations in

paragraph 33 of the Amended Complaint, and therefore denies the same.

34.      IOP is without knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 34 of the Amended Complaint, and therefore denies the same.

35.      IOP is without knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 35 of the Amended Complaint, and therefore denies the same.

36.      IOP is without knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 36 of the Amended Complaint, and therefore denies the same.

37.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint, and therefore denies the same.

38.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, and therefore denies the same.

39.    Denied.

40.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint, and therefore denies the same.

41.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and therefore denies the same.

42.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint, and therefore denies the same.

43.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint, and therefore denies the same.

44.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint, and therefore denies the same.

45.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint, and therefore denies the same.

46.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint, and therefore denies the same.

47.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint, and therefore denies the same.

48.    IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint, and therefore denies the same.

49.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint, and therefore denies the same.

50.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint, and therefore denies the same.

51.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint, and therefore denies the same.

52.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint, and therefore denies the same.

53.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint, and therefore denies the same.

54.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint, and therefore denies the same.

55.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint, and therefore denies the same.

56.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint, and therefore denies the same.

57.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint, and therefore denies the same.

58.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint, and therefore denies the same.

59.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint, and therefore denies the same.

60.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint, and therefore denies the same.

61.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint, and therefore denies the same.

62.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint, and therefore denies the same.

63.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint, and therefore denies the same.

64.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint, and therefore denies the same.

65.     IOP is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint, and therefore denies the same.

66.     IOP is without knowledge sufficient to form a belief as to whether Mass marked the products manufactured by Mass that fall within the claims of the '978 Patent in accordance with 35 U.S.C. § 287 and therefore denies the same.  IOP denies the remaining allegations in paragraph 66 of the Amended Complaint.

IOP generally denies any and all allegations set forth in the Amended Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

IOP asserts the following affirmative defenses and other defenses

### FIRST AFFIRMATIVE DEFENSE

The '978 Patent is invalid and/or unenforceable under the patent laws of the Unites

States, 35 U.S.C. § 1 *et seq*., including for the failure to meet one or more of the requirements for

patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

SECOND AFFIRMATIVE DEFENSE

The '978 Patent is invalid and/or unenforceable based on fraud by Moscovitch, Mass,

and/or attorneys for Moscovitch and/or Mass in the procurement and/or maintenance of the '978

Patent.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against IOP upon which relief can be

granted.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the '978 Patent against IOP, in whole or in part, based

on the doctrine(s) of laches, estoppel, waiver, and/or acquiescence.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and prayer for relief in the Amended Complaint are barred and/or

limited by the statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' pre-lawsuit claims for damages based on the '978 Patent are barred, in whole

or in part, for failure to comply with 35 U.S.C. § 287, and are therefore limited to those damages

occurring after notice of infringement of the '987 Patent to IOP and/or after Plaintiffs provided

proper public notice.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' pre-lawsuit claims for damages based on the '978 Patent are barred, in whole or in part, under 35 U.S.C. § 252 based on intervening rights of IOP.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

IOP reserves the right to assert additional affirmative defenses at such time, and to such extent, as warranted by discovery and factual developments in this case.

**<u>COUNTERCLAIM</u>**

<u>GENERAL COUNTERCLAIM ALLEGATIONS</u>

1.      IOP is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 100 Keubler Rd., Easton, Pennsylvania, 18040.

2.      Upon information and belief, Mass is a corporation organized and existing under the laws of the province of Ontario, Canada.

3.      Upon information and belief, Moscovitch is a resident of the province of Ontario, Canada.

4.      This court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331 and 1338 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5.      IOP is engaged in the business of developing, manufacturing, and selling, *inter alia*, articulating monitor arms.

6.      Upon information and belief, Mass is in the business of developing, manufacturing, and selling monitor arm products.

7.      Upon information and belief, Moscovitch is the owner of the '978 Patent, which is entitled "Dual Display System."

8.      Upon information and belief, Moscovitch currently licenses the '978 Patent to Mass.

9.      In the Amended Complaint, Plaintiffs assert that Mass manufactures and sells products that fall within the claims of the '978 Patent.

10.      In the Amended Complaint, Plaintiffs assert that IOP has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation and/or offer for sale of its multi-display units such as its Arcview Flat Panel Mounting Systems, Duopod products, Quadropod products, Model 9120 Series, Model 9113 Series, Model 9163 Series, Model 9124 Series and other products, and by its contributing to and inducement of others to manufacture, use, sell, import and/or offer for sale infringing products.

11.      An actual, justiciable controversy therefore exists between IOP and Plaintiffs, relating to the '978 Patent.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

12.      IOP incorporates herein by reference its allegations contained in paragraphs 1-11 of the Counterclaim, above.

13.      One or more claims of the '978 Patent are invalid and/or unenforceable under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including for failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.      IOP is entitled to a decree and declaration of the Court that one or more claims of the '978 Patent are invalid and/or unenforceable for failure to meet one or more of the

requirements for patentability and/or enforceability as specified in the patent laws of the United

States under 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## JURY DEMAND

Defendant-Counterclaim Plaintiff IOP demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, IOP prays that this Court enter judgment in its favor and grant the

following relief:

A.    A dismissal with prejudice of Plaintiffs' claim(s) asserted against IOP in the

Amended Complaint;

B.    A declaration that all of the claims of the '978 Patent are invalid and/or

unenforceable against IOP and its distributors and customers;

C.    A judgment that none of IOP's products infringe any of the claims of the '978

Patent;

D.    A judgment that Plaintiffs are entitled to no damages or other equitable relief

against IOP by way of their Amended Complaint;

E.    A permanent injunction enjoining Plaintiffs and its officers, agents, servants,

representatives, employees, and attorneys, and any person or entity in active concert or

participation with any of Plaintiffs, from initiating and/or maintaining any action alleging

infringement of the '978 Patent against IOP and/or any of its customers, dealers, agents, servants,

representatives, or employees, or any prospective or present sellers, dealers, or users of IOP's

Arcview Flat Panel Mounting Systems, Duopod products, Quadropod products, Model 9120

Series, Model 9113 Series, Model 9163 Series, Model 9124 Series, or other IOP products, or

charging any of them verbally or in writing with infringement of the '978 Patent arising out of

the use, making, importation, sale, and/or offer for sale of the Arcview Flat Panel Mounting

Systems, Duopod products, Quadropod products, Model 9120 Series, Model 9113 Series, Model

9163 Series, Model 9124 Series, or any other IOP products which are currently alleged by

Plaintiffs to infringe the '978 Patent;

   F.  A declaration in favor of IOP that this case is exceptional under 35 U.S.C. § 285

and that IOP is therefore entitled to recover its reasonable attorneys' fees, expenses, and costs

incurred in connection with this action; and

   G.  An award to IOP of any further relief that the Court may deem just and proper.


DATED:  April 14, 2010

          /s/ Damon A. Neagle
         Damon A. Neagle
         DESIGN IP, P.C.
         Commerce Corporate Center
         5100 W. Tilghman Street
         Suite 205
         Allentown, PA  18104
         Tel.:  610-395-4900 x111
         Fax:  610-680-3312
         E-mail:  damonneagle@designip.com

         Attorneys for Defendant-Counterclaim
         Plaintiff Innovative Office Products, Inc.

         *ADMITTED PRO HAC VICE*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(a)(3)(A), I hereby certify that on this day the foregoing *Defendant Innovative Office Products, Inc.'s Answer, Affirmative Defenses, and Counterclaim to Plaintiffs' First Amended Complaint for Patent Infringement* was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Texas using the Court's electronic case filing ("ECF") system.  The ECF system sent a "Notice of Electronic Filing" to the following attorney who has consented in writing to accept this Notice as service of this document by electronic means:

> Edward W. Goldstein
> Goldstein, Faucett & Prebeg, LLP
> 1177 West Loop South, Suite 400
> Houston, TX  77027
> Tel.:  713-877-1515
> Fax:  713-877-1737
> E-mail:  egoldstein@gfpiplaw.com
>
> Attorney for Plaintiffs Mass Engineered Design, Inc. and Jerry Moscovitch

Dated:  April 14, 2010

> /s/ Damon A. Neagle
> Damon A. Neagle
> DESIGN IP, P.C.
> Commerce Corporate Center
> 5100 W. Tilghman Street
> Suite 205
> Allentown, PA  18104
> Tel.:  610-395-4900 x111
> Fax:  610-680-331
> E-mail:  damonneagle@designip.com
>
> Attorneys for Defendant-Counterclaim Plaintiff Innovative Office Products, Inc.
>
> *ADMITTED PRO HAC VICE*