## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **MASS ENGINEERING, INC.,** *et al.***;** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:  2:09-cv-00358-TJW** |
| ) | |
| **9X MEDIA, INC.,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### DEFENDANT ATDEC, PTY LTD.'S MOTION AND MEMORANDUM TO DISMISS UNDER FEDERAL RULES 12(b)(2), 12(b)(3) AND 12(b)(5)

### MOTION

Defendant Atdec Pty Ltd. ("Atdec") moves this Court to dismiss this case for lack of personal jurisdiction, improper venue, and improper service pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(5).

### OVERVIEW

Defendant Atdec is incorporated in New South Wales, Australia, with its primary place of business at 26 Castlereagh St., Liverpool, N.S.W., Australia.  Plaintiffs Mass Engineering, Inc. ("Mass") and Jerry Moscovitch ("Moscovitch") (collectively "Plaintiffs") filed suit against Atdec and twenty-nine other unrelated defendants in the Eastern District of Texas, alleging patent infringement.  Atdec has nominal sales in the State of Texas, has never sold any of the accused products to buyers in Texas, and maintains a passive website.  Based on these limited contacts, this Court lacks personal jurisdiction and venue in the Eastern District of Texas is improper.

Further, Plaintiffs service on Atdec was improper.  Instead of serving by mail as allowed by the Federal Rules of Civil Procedure, Plaintiffs served Atdec's non-employee accountant by personal

delivery.  Such service is ineffective as a matter of law with respect to defendants located, as Atdec is, in countries that are not a party to an international agreement with the United States allowing for personal service.  Plaintiffs therefore failed to serve Atdec in a manner legally sufficient to constitute notice of this proceeding.

Atdec respectfully urges this Court to dismiss this lawsuit for lack of personal jurisdiction, improper venue, and improper service.

## ARGUMENT

### I.   This Court Lacks Personal Jurisdiction Because Plaintiffs Have Not and Cannot Establish That Atdec Has The Requisite Minimum Contacts With This Forum

Under Federal Rule of Civil Procedure Rule 12(b)(2), this Court lacks personal jurisdiction. When a non-resident defendant, such as Atdec, challenges personal jurisdiction, the plaintiff bears the burden of establishing this Court's jurisdiction over the defendant.  *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  Where a defendant challenges whether the plaintiff's pleading sets forth facts sufficient to establish a prima facie case for personal jurisdiction, the court "accept[s] the plaintiff's uncontroverted . . . factual allegations as true," but "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."  *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 868-869 (5th Cir. 2001).  *See also Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed. Cir. 2003) (prior to discovery, plaintiff has the burden of making "a *prima facie* showing" that the defendants are subject to personal jurisdiction); *Phonometrics, Inc. v. N. Telecom Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998) (affirming dismissal where plaintiff "failed to make a prima facie showing of personal jurisdiction").

To meet their burden, Plaintiffs must satisfy a two part inquiry: first that the long-arm statute of the forum state confers personal jurisdiction over the defendant; and second, that the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Plaintiffs have not and cannot satisfy their burden.

Texas' long-arm statute, Texas Civil Practice & Remedies Code §§ 17.041-17.045, has been interpreted to extend to the limits of due process. *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). Therefore, the sole dispositive issue for determining personal jurisdiction is whether bringing Atdec into this Court would be consistent with the Due Process Clause of the Fourteenth Amendment. *See Mink*, 190 F.3d. at 335-336. The constitutional touchstone of the determination of whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Asahi Metal Indus. Co. Ltd. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 108-109 (1987). Due process permits the exercise of personal jurisdiction over a nonresident defendant only when the defendant has "minimum contacts" with the forum and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)).

Plaintiffs must therefore demonstrate that Atdec maintains minimum contacts with the State of Texas. Plaintiffs must establish these requisite minimum contacts in either of two ways: (1) "specific" jurisdiction, which requires a showing that the case "arises out of" or "results from" the defendant's contacts with the forum, *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); or (2) "general" jurisdiction, which requires a showing that there are continuous and

systematic general business contacts between the state and the nonresident defendant, *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

**A.     Plaintiffs Do Not, and Cannot Allege Facts Establishing Specific Jurisdiction Over Atdec**

To establish specific personal jurisdiction, the Plaintiffs must show that the lawsuit arises out of or results from the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414; *Seiferth,* 472 F.3d at 271. A court may exercise this specific jurisdiction only when: (1) the nonresident defendant purposely availed itself of the privileges of conducting activities in the forum; (2) the controversy arises out of or results from the defendant's contacts with the forum; and (3) the exercise of personal jurisdiction is fair and reasonable. *Seiferth,* 472 F.3d at 270; *Freudensprung v. Offshore Technical Servs.,* 379 F.3d 327, 343 (5th Cir. 2004) (citations omitted).

Plaintiffs have failed to assert any jurisdictional facts suggesting that Atdec directed any activity toward the State of Texas, let alone any activity that could give rise to Plaintiffs' asserted injuries. Plaintiffs generally allege that the accused defendants "do business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Mass to relief." (Complaint ¶¶32)[1]. But they provide nothing specific. Plaintiffs have not attempted to allege, nor can they provide any contacts, that demonstrate that Atdec has purposefully availed themselves of the privileges of conducting activities in this forum and from which this controversy arose out of or resulted. Plaintiffs asserted injuries could not possibly arise or result from the sale of non-accused products within Texas. Further, Atdec has made no sales of

---

[1] Plaintiff's First Amended Complaint for Patent Infringement filed on 1/25/2010 (Docket No. 19).

the accused products to buyers within Texas from which this controversy could have arose or resulted. (Green Dec.¶¶ 11.)[2]  Plaintiffs do not assert any other contact out of which their injury could arise or result.

Even if Plaintiffs had asserted any other Atdec contact with this forum, such contacts are insufficient to establish personal jurisdiction.  At the time this action commenced, Atdec maintained, and continues to maintain, a passive website not directed specifically at Texas residents.  Atdec's passive website cannot form the basis of specific personal jurisdiction.  Many courts have focused on the question of when plaintiffs can establish personal jurisdiction through internet transactions.  In *Mink*, the Fifth Circuit adopted a sliding scale for evaluating the contacts established by a non-resident's internet activities.  *See Mink*, 190 F.3d at 336.  At one end of the spectrum are situations where a defendant clearly does business with residents of the forum via a website involving the knowing and repeated transmission of computer files over the Internet.  *Id.*  Personal jurisdiction is proper in this situation.  *Id.*  On the other end of the spectrum are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet.  *Id.* Personal jurisdiction is not appropriate in this situation.  *Id.*  In the middle of the spectrum are cases where a defendant has a website that allows a user to exchange information with a host computer. *Id.*  In these cases, the Court must evaluate the level of interactivity and commercial nature of the exchange of information that occurs on the website.  *Id.*

At the time this action was commenced, Atdec's website was clearly passive in nature and was at the end of the spectrum where personal jurisdiction is not appropriate.  Atdec's website

---

[2] Declaration of Jerome Green in support of this Defendant Atdec, Inc.'s Motion and Memorandum to Dismiss Under Federal Rule 12(b)(3).

currently provides product descriptions but does not allow users to purchase products online.  (Green Dec.¶¶ 13.)  Atdec's website also provides a list of resellers—none of which are owned or operated by Atdec.  (Green Dec.¶¶ 14.)  Atdec's website provides contact information in the form of a list of email addresses.  (Green Dec.¶¶ 16.)  Atdec's passive website does not exchange information with visitors.  (Green Dec.¶¶ 15.)  Plaintiffs have asserted no facts to argue otherwise.  Atdec's passive website does not establish that Atdec purposefully availed itself of doing business in Texas, so it is insufficient to confer this Court with specific jurisdiction.  *See, e.g.*, *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F.Supp.2d 648, 655 (N.D. Tex. 2000) (concluding, in a patent infringement case, that defendant's website, which did not allow viewers to place orders online, was not sufficient to establish that defendant purposefully availed itself of privilege of conducting business in Texas).  Further, Atdec has never offered and does not intend to offer any of the accused products for sale via their website.  (Green Dec.¶¶ 17.)

Atdec's passive website and complete a absence of any sale of the accused product in this forum make it clear that Atdec does not have the minimum contacts sufficient for this court to exercise specific personal jurisdiction.  It is clear that Atdec has not purposefully availed itself of the privileges of conducting activities in this forum and Plaintiffs cannot allege that their cause of action arose out of or results from the limited contacts Atdec maintains with Texas.  This Court therefore lacks specific personal jurisdiction.

**B.    Plaintiffs Do Not, and Cannot, Allege Facts Establishing General Jurisdiction Over Atdec**

Plaintiffs bear a substantial burden for establishing "general" jurisdiction.  *See Submersible Sys,. Inc. v. Perforadora Cent., S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir. 2001).  For "general" jurisdiction to exist, Atdec's contacts must be substantial, continuous, and systematic.  *See Holt Oil*

*& Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986).  Atdec's contacts with Texas are not sufficient to establish general jurisdiction because, at the time this action commenced Atdec maintained a passive national website and Atdec has only conducted a minor amount of business within the state.

Atdec has never had any offices or stores in Texas. (Green Dec. ¶¶ 5.)  Atdec does not have any distributing facilities in Texas.  (Green Dec.  ¶¶ 5-6.)  Atdec does not own or lease any property in Texas.  (Green Dec.  ¶¶ 6.)  Aside from the current case, Atdec has never been involved in any litigation in Texas.  (Green Dec.  ¶¶ 9.)  Atdec does not have any resellers, partners, distributors, or other agents in Texas.  (Green Dec.  ¶¶ 7.)  Further, Atdec has had only limited sales within Texas.

Courts have considered a defendant's percentage of sales into a forum state when evaluating the extent of a defendant's contacts and have held that a relatively small percentage of sales activity does not support general personal jurisdiction.  *See, e.g.*, *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 614 (5th Cir. 2008) (holding that millions of dollars worth of sales into Texas each year, where it accounted for approximately 2% of the company's total sales, did not amount to substantial, systematic, and continuous contacts).  Further, in *Dalton v. R&W Marine, Inc.,* the court held that the defendant did not have a general presence in the forum state despite earning over 12% of its revenue from sales in the state.  *See Dalton v. R&W Marine, Inc.,* 897 F.2d 1359, 1362 (5th Cir. 1990).  Like the defendants in *Johnston* and *Dalton*, Atdec's sales to Texas customers account for only a small amount of the total sales of goods that are shipped to the United States.  Atdec's sales to Texas account for less than 0.12% of all sales over the last 6 years.  (Green Dec.¶¶ 12.)  Atdec's sales percentage is a hundred times less than the sales percentage in *Dalton*, clearly insufficient to establish general jurisdiction.

Further, the existence of a national website accessible by Texas residents (as well as residents of any other forum) is not sufficient to establish "general" personal jurisdiction over the defendant. *See Mink*, 190 F.3d at 336.  Atdec's website "does not establish general jurisdiction in [Texas], because it was not specifically directed at [Texas], but instead is available to all customers throughout the country who have access to the Internet...the ability of forum residents to access the website does not by itself show any persistent course of conduct by [Atdec] in the forum." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (internal punctuation omitted) (citing *Trintec Indus., Inc. and Time To Invent, LLC v. Pedre Promotional Prods., Inc.*, 395 F.3d1275, 1281 (Fed. Cir. 2005)).  Like the defendant in *Mink*, Atdec "maintains a website that posts information about products"..."provides an electronic mail ('email') address"... [and] "orders are not taken through [Atdec's] website." *Mink*, 190 F.3d at 336-337.  "[T]his does not classify the website as anything more than passive advertisement which is not grounds for the exercise of personal jurisdiction." *Id.* Based on Atdec's nominal sales and passive website, this Court lacks general personal jurisdiction. Plaintiffs simply have offered no evidence that any of Atdec's contacts with this forum are in anyway substantial, continuous, or systematic.

**C.     Atdec Never Anticipated Being Haled Into This Court**

Because Plaintiffs cannot show that Atdec purposefully established the necessary minimum contacts, this Court need not consider whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  But even if Plaintiffs somehow made the necessary jurisdictional showing, the exercise of jurisdiction in this case would offend traditional notions of fair play and substantial justice.  The due process clause of the Constitution ensures that a defendant has "fair warning that a particular activity might subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472 (internal quotations

-8-

omitted).  Atdec had no fair warning; its only contacts with Texas—a passive website and nominal sales—do not show that Atdec purposefully availed itself of doing business here.  *See id*.  Atdec should not be haled into court in Texas for such attenuated contacts.  *Id*. at 475.  Atdec's contacts are not of the "quality and nature" to justify subjecting them to suit in this forum. *Mississippi Interstate Space Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

Plaintiffs simply have not and cannot allege sufficient facts to establish a prima facie case of either specific or general personal jurisdiction, and it would violate due process to subject them to personal jurisdiction in this Court.

## II.   Venue is Improper in the Eastern District of Texas Because Atdec Does Not Reside Or Have An Established Place of Business In This District

Venue in patent cases is governed by 28 U.S.C. § 1400 (b), which provides that patent infringement actions may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  "In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State*.*" 28 U.S.C.A. § 1391(c). Plaintiffs have the burden of proving by prima facie evidence that the Eastern District of Texas has jurisdiction over non-resident Atdec.  *See Avocent Huntsville Corp. v Aten Int'l Co. Ltd.*, 552 F.3d 1324, 1328-29 (Fed. Cir. 2008).

Plaintiffs cannot meet this burden.  Atdec does not a have regular and established place of business in the Eastern District of Texas.  Further, Plaintiffs cannot establish Atdec's residency

within the Eastern District of Texas because Atdec lacks the sufficient contacts necessary to subject them to personal jurisdiction in this district.  Venue is therefore improper.

**A.     Atdec Does Not Have a Regular and Established Place of Business in the Eastern District of Texas and Has Not Committed Acts of Infringement**

The second prong of the venue statute can be quickly disposed.  Atdec's principle place of business is in New South Wales, Australia.  (Green Dec. ¶¶ 4.)  Atdec does not maintain an office or other place of business in Texas.  (Green Decl. ¶¶ 5.)  Atdec has never sold any accused products in Texas.  (Green Dec. ¶¶ 11.)  Atdec does not own property in Texas, does not have any employees, resellers, partners, distributors or other agents located in Texas.  (Green Dec. ¶¶ 6-7.)  Because Atdec does not have a regular and established business in the Eastern District of Texas and there has been no sale of the accused products in the Eastern District of Texas, Atdec could not have possibly committed any acts of infringement in this district.  Venue cannot rest on this prong of 28 U.S.C. § 1400 (b).

**B.     Atdec Does Not Reside in the Eastern District of Texas**

As stated, venue is proper in any judicial district in which the defendant resides.  For purposes of venue, a corporation resides in the judicial district where it is incorporated and in any district where "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."  28 U.S.C. § 1391(c).  Residency, and therefore venue, cannot rest on Atdec's incorporation because Atdec is incorporated in Australia.  (Green Dec. ¶¶ 4.)  The question therefore is whether Atdec's contacts with the Eastern District of Texas, at the time the action commenced, were sufficient to subject it to personal jurisdiction as if the district were a separate state.  *See Nayani v. Horseshoe Entm't*, No. 3:06-CV-01540-M, 2007 WL 1062561, at *8 (N.D. Tex. Apr. 10, 2006).  As detailed above, Atdec's contacts with the Eastern District of Texas consisted only of a

passive national website and nominal sales of non-accused products to customers throughout Texas. These contacts are insufficient to establish personal jurisdiction within Texas and the Eastern District.  Because this court lacks personal jurisdiction, Plaintiffs cannot establish Atdec's residency in the district for venue purposes.

## III.    Service was Improper Because Personal Service On A Corporation Such As Atdec Is Expressly Prohibited By Fed. R. Civ. P. 4(h)

Plaintiffs purported to effect service on Australian defendant Atdec via personal service on Phillip Filler.  (Plaintiff's Affidavit of Service ¶¶ 3)[3]  Phillip Filler is not an Atdec employee but is their accountant and has an office located at Atdec's registered address.  (Green Dec.¶¶ 18.)  Fed. R. Civ. P. 4 governs service of process on a corporation located outside of any judicial district of the United States.  Fed. R. Civ. P. 4(h)(2) states in relevant part that a plaintiff may serve process "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)**.**"  Fed. R. Civ. P. 4(f) states that a plaintiff may serve an individual not with in any judicial district of the United States by (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice, or (3) by other means not prohibited by international agreement; as the court orders.

In the case of Australia, where the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Jan. 8, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638 ("the Hague Convention") is not yet in effect, international service of process is governed by

---

[3] Plaintiff's Affidavit of Service filed on 3/23/2010 (Docket No. 75).

Fed. R. Civ. P. 4(f)(2).  This rule states that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," than a plaintiff may server process "by a method that is reasonably calculated to give notice."  The following methods are permitted:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

Rather than relying on one of the explicitly allowed means for service outlined above, the Plaintiff chose to rely on the one mechanism specifically prohibited by Fed. R. Civ. P. 4(h)—personal service in the case of foreign corporations.  Plaintiffs could have relied on letters rogatory or registered mail, but chose rather to use the method specifically prohibited by the Federal Rules of Civil Procedure.  Under the Federal Rules of Civil Procedure Atdec, a Australian corporation, cannot be served by personal service.  For this reason, service was improper.

## CONCLUSION

For the reasons set forth above, Atdec respectfully urges the Court to grant this Motion to Dismiss for lack of personal jurisdiction, improper venue, and improper service.

DATED:  May 18, 2010   Respectfully submitted,


       WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation



     By:  */s/M. Craig Tyler*_____
       M. Craig Tyler
       State Bar No. 00794762
       ctyler@wsgr.com
       Wilson Sonsini Goodrich & Rosati
       Professional Corporation
       900 South Capital of Texas Highway
       Las Cimas IV, Fifth Floor
       Austin, Texas 78746-5546
       Voice:   512-338-5400
       Facsimile: 512-338-5499

       ATTORNEYS FOR DEFENDANT
       ATDEC PTY LTD..

-13-

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 18th day of May, 2010.

By:  /s/: *M. Craig Tyler*