**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MASS ENGINEERING, INC., et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-358-TJW |
| | § | |
| 9X MEDIA, INC., et al., | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Wall Street Trading Desks, Inc.'s ("WSTD") Motion and Memorandum to Dismiss [Dkt. No. 58], Defendant Targus, Inc.'s ("Targus") Motion and Memorandum to Dismiss Under Federal Rule 12(b)(3) [Dkt. No. 98], Defendant Ergotech Group, Inc.'s ("Ergotech") Motion and Memorandum to Dismiss Under Federal Rule 12(b)(3) [Dkt. No. 106], Defendant Atdec Pty Ltd.'s ("Atdec") Motion and Memorandum to Dismiss Under Federal Rule 12(b)(3) [Dkt. No. 125], Defendant Grand Stands, Inc.'s ("Grand Stand") Motion and Memorandum to Dismiss Under Federal Rule 12(b)(3) [Dkt. No. 137]. Having considered the parties arguments, the Court is of the opinion that the motions should be DENIED.

**I.      Background**

Plaintiffs Mass Engineering Design, Inc. ("Mass") and Jerry Moscovitch (collectively, "Plaintiffs") bring this action for patent infringement against about thirty defendants, asserting a patent for a monitor stand that holds two displays. Defendant Wall Street Trading Desks, Inc. ("WSTD"), Defendant Targus, Inc. ("Targus"), Defendant Ergotech Group, Inc. ("Ergotech"), Defendant Atdec Pty Ltd. ("Atdec"), Defendant Grand Stands, Inc. ("Grand Stand") each file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). WSTD is a North Carolina corporation with no facilities or operations in Texas. WSTD asserts that it has never

sold or marketed any of its products, accused or unaccused, in the Eastern District of Texas.

Targus is a New York corporation with a primary place of business in Anaheim, California and has

no facilities or operations in Texas.   Targus asserts that is sells its accused products to distributors,

"none of whom reside in the Eastern District of Texas."   Dkt. No. 98, Ex. 1.   Atdec is an

Australian Corporation with no facilities or operations in Texas.   Atdec asserts that it has never

marketed specifically to Texas and only 0.12% of all sales in the United States were to Texas

customers.   Ergotech is a New York corporation and has no facilities or operations in the Texas.

Ergotech has eight independent resellers in Texas, but it claims that it has never sold any of the

accused products to any customer or reseller in the Eastern District of Texas.   Grand Stands is a

California corporation and has no facilities or operations in Texas.   Grand Stands sells its

products through catalogs.   Plaintiffs oppose these motions and request the opportunity to

conduct jurisdictional discovery.

## II.    Legal Standard

"The Federal Circuit . . . holds that '[v]enue in a patent action against a corporate defendant

exists wherever there is personal jurisdiction.'"   *Versata Software, Inc. v. Internet Brands, Inc.*,

No. 2:08-cv-313, 2009 WL 316370 (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,

395 F.3d 1275, 1280 (Fed. Cir. 2005)). The Federal Circuit applies regional circuit law to district

court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir.

2008) (applying the Fifth Circuit's en banc Volkswagen decision to rulings on transfer motions out

of this circuit).   Federal Rule of Civil Procedure 12(b)(3) allows defendants to move for dismissal

based on improper venue. FED. R. CIV. P. 12(b)(3). When a defendant objects to venue, the burden

shifts to the plaintiff to establish that the district he chose is a proper venue. *ATEN Intern. Co. Ltd.*

*v. Emine Technology Co., Ltd.*, 261 F.R.D. 112, 120 (E.D. Tex. 2009).   If there is no evidentiary

hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue.

*Id.* at 121.

In a patent case, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).   "For purposes of venue . . . , a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."   28 U.S.C. § 1931(c).   In a multi-district state like Texas, a corporation is "deemed to reside in any district within that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state."   *Id.*   That is, the Court can conclude that a defendant resides in the Eastern District of Texas only if the defendant would be subject to personal jurisdiction in the Eastern District of Texas if the Eastern District of Texas were a separate state.   *See 800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 569 (E.D. Tex. 2008).   Under the second prong of § 1400(b), venue is proper where both of the following conditions are met: the defendant has committed acts of infringement and has a place of business in the Eastern District of Texas.   *See* 28 U.S.C. § 1400(b).

## III.   Analysis

The Court does not have sufficient facts with which to rule on the pending motions. Plaintiffs are entitled to conduct jurisdictional discovery to determine the nature of Defendants' activities in the Eastern District of Texas.   Plaintiffs should target their discovery to facts showing that Defendants' would be subject to personal jurisdiction in the Eastern District of Texas if the Eastern District of Texas were a separate state, or that Defendants have committed acts of infringement in the Eastern District of Texas while having a regularly established place of business in the Eastern District of Texas.   The Court gives Plaintiffs 60 days from the date of this order to conduct jurisdictional discovery.

## IV.   Conclusion

The Court ORDERS that Plaintiffs have 60 days to conduct jurisdictional discovery.   The Court DENIES the motions without prejudice to refiling after the conclusion of the jurisdictional discovery.

It is SO ORDERED.

SIGNED this 28th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE