UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 2:09-cv-00358-TJW |
| | § | |
| 9X MEDIA, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT PLANAR SYSTEMS, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Planar Systems, Inc. ("Planar"), by and through its undersigned counsel, respectfully submits its Answer, Defenses, and Counterclaims in response to Plaintiffs Mass Engineered Design, Inc. and Jerry Moscovitch's (collectively "MASS" or "Plaintiffs") First Amended Complaint (the "Complaint") (D.E. #19).

## I.    ANSWER

## THE PARTIES

1.    Planar is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies those allegations.

2.    Planar is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies those allegations.

3.    Planar admits the allegations in Paragraph 3 of the Complaint.

4.    Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies those allegations.

5.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies those allegations.

6.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies those allegations.

8.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies those allegations.

9.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies those allegations.

12.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies those allegations.

15.      Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies those allegations.

16.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies those allegations.

17.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies those allegations.

18.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies those allegations.

19.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies those allegations.

20.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies those allegations.

21.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies those allegations.

22.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies those allegations.

23.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies those allegations.

24.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies those allegations.

25.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, denies those allegations.

27.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, denies those allegations.

28.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, denies those allegations.

29.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies those allegations.

30.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies those allegations.

31.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies those allegations.

## JURISDICTION AND VENUE

32.     Planar admits that the Complaint purports to be an action for an alleged violation of the patent laws set forth in Title 35 of the United States Code, and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Planar denies that it does business in this District.  Planar denies that it has committed acts of infringement in this District and denies that it continues to commit acts of infringement in this District.  Planar denies that MASS is entitled to relief.  To the extent that the allegations in paragraph 32 are directed to defendants other than Planar, Planar is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Except as thus expressly admitted, Planar denies any and all remaining allegations contained in Paragraph 32 of the Complaint.

## INFRINGEMENT OF U.S. PATENT NO. RE 36,978

33.     Planar acknowledges that, on its face, U.S. Patent No. RE. 36,978 ("the '978 Patent") indicates that it is a reissue of U.S. Patent No. 5,687,939 ("the '939 patent") and indicates that the '939 patent issued on November 18, 1997.  Planar acknowledges that, on its face, the '978 Patent bears the title "Dual Display System" and a reissue date of December 5, 2000.  Planar admits that a copy of the '978 Patent was attached to the Complaint as Exhibit A.  Planar denies that either the '939 Patent or the '978 Patent was duly and legally issued.  Planar is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations in Paragraph 33 of the Complaint and, therefore, denies those allegations.

34.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, denies those allegations.

35.     Planar denies the allegations of Paragraph 35 of the Complaint.

36.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, denies those allegations.

37.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies those allegations.

38.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, denies those allegations.

39.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies those allegations.

40.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies those allegations.

41.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, therefore, denies those allegations.

42.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, therefore, denies those allegations.

43.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, denies those allegations.

44.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, denies those allegations.

45.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, denies those allegations.

46.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, therefore, denies those allegations.

47.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, therefore, denies those allegations.

48.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, therefore, denies those allegations.

49.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, denies those allegations.

50.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, therefore, denies those allegations.

51.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore, denies those allegations.

52.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, therefore, denies those allegations.

53.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, therefore, denies those allegations.

54.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, therefore, denies those allegations.

55.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, therefore, denies those allegations.

56.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies those allegations.

57.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, therefore, denies those allegations.

58.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, therefore, denies those allegations.

59.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and, therefore, denies those allegations.

60.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, therefore, denies those allegations.

61.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, therefore, denies those allegations.

62.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and, therefore, denies those allegations.

63.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, therefore, denies those allegations.

64.     To the extent that the allegations of Paragraph 64 of the Complaint are directed to Planar multi-display units, Planar denies those allegations.   Planar is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations in Paragraph 64 of the Complaint and, therefore, denies those allegations.

65.     To the extent that the allegations of Paragraph 65 of the Complaint are directed to Planar multi-display units, Planar denies those allegations.   Planar is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations in Paragraph 65 of the Complaint and, therefore, denies those allegations.

66.     Planar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, therefore, denies those allegations.

### RESPONSE TO JURY DEMAND

67.     Planar acknowledges that MASS has demanded a trial by jury

### RESPONSE TO PRAYER FOR RELIEF

68.     Planar denies that MASS is entitled to any of the relief requested in Paragraphs A-G of the Prayer for Relief in the Complaint.

## II.     DEFENSES

Planar has not completed its investigation of defenses available to Planar and therefore reserves the right to amend its Answer, Defenses and Counterclaims as its investigation continues.   In further answer to the Complaint, but without assuming a burden of proof that it would not otherwise have, Planar asserts the following:

**FIRST DEFENSE**

69.     Planar has not and/or does not directly or indirectly infringe any claim of the '978 Patent either literally or under the doctrine of equivalents.

**SECOND DEFENSE**

70.     The '978 Patent is invalid and/or unenforceable under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including for failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 102, 103, 112, and/or 251

**THIRD DEFENSE**

71.     MASS's claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel and/or laches.

**FOURTH DEFENSE**

72.     MASS is barred by the doctrines of collateral estoppel and/or res judicata from taking any positions or making any assertions in this case that are contrary or contradicted by any positions MASS has taken or any statements MASS has made in prior litigations involving the '978 Patent.

**FIFTH DEFENSE**

73.     MASS's claims for damages are limited by 35 U.S.C. § 287.

**III.     COUNTERCLAIMS**

**THE PARTIES**

74.     Planar is a corporation organized and existing under the laws of the State of Oregon and has a principal place of business at 1195 NW Compton Drive, Beaverton, Oregon 97006.

75.     MASS alleges that Plaintiff Mass Engineered Design, Inc. is a corporation organized and existing under the laws of the province of Ontario, Canada.

76.     MASS alleges that Plaintiff Jerry Moscovitch is an individual residing in the province of Ontario, Canada.

## JURISDICTION AND VENUE

77.     Planar's counterclaims arise under Title 35 of the United States Code.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 §§ U.S.C. 1331, 1338(a), 1367, 2201, and 2202.

78.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs have filed the underlying patent infringement action in this Court.

79.     If venue is proper in this judicial district in the underlying action, venue also is proper for Planar's counterclaims under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM
### (Declaration of Noninfringement of the '978 Patent)

80.     Planar incorporates and realleges the allegations set forth in paragraphs 1-79 above as if set forth fully herein.

81.     In the Complaint, MASS alleges that MASS holds all right and interests in the '978 Patent and names Planar as a defendant.  Therefore, a valid and justiciable controversy has arisen and exists between MASS and Planar within the meaning of 28 U.S.C. § 2201.  Planar desires a judicial determination and declaration of the respective rights of the parties regarding the '978 Patent.

82.     Planar has not infringed and is not now infringing, directly or indirectly, any valid claim of the '978 Patent, either literally or under the doctrine of equivalents.

83.     A judicial declaration of noninfringement is necessary and appropriate to resolve this controversy.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '978 Patent)

84.     Planar incorporates and realleges the allegations set forth in paragraphs 1-83 above as if set forth fully herein.

85.     The '978 Patent is invalid because it fails to meet one or more of the requirements for patentability as set forth in 35 U.S.C. §§ 102, 103, 112, and/or 251.

86.     A judicial declaration of invalidity is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Planar requests that this Court:

(a)     Dismiss with prejudice MASS's Complaint in its entirety, with entry of judgment in favor of Planar;

(b)     Deny all remedies and relief sought by MASS in its Complaint;

(c)     Declare that Planar has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of U.S. Patent No. Re. 36,978;

(d)     Declare that U.S. Patent No. Re. 36,978 is invalid;

(e)     Order that MASS, its agents, and all persons acting in concert or participation with MASS, be enjoined from asserting claims against Planar for infringement of U.S. Patent No. Re. 36,978;

(f)     Declare this to be an exceptional case under 35 U.S.C. § 285 and award Planar its attorneys' fees, costs and expenses in connection with this action; and

(g)     Award Planar such other and further relief as to which it may be entitled.

Dated: October 28, 2010                 Respectfully submitted,

                                          TROP, PRUNER & HU, P.C.

                                          /s/ Diana M. Sangalli_____
                                          Diana M. Sangalli
                                          State Bar No. 24033926
                                          1616 S. Voss Road, Suite 750
                                          Houston, TX  77057
                                          713/468-8880 [Phone]
                                          713/468-8883 [Fax]
                                          dsangalli@tphm.com

                                          *Attorneys for Planar Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 28, 2010. Any other counsel of record will be served by first class U.S. mail.

/s/ Diana M. Sangalli
Diana M. Sangalli

13