**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC.; and JERRY MOSCOVITCH, | § § § § | |
| | § | |
| *Plaintiffs*, | § | CASE NO. 2:09-CV-358-TJW |
| v. | § § | |
| 9X MEDIA, INC., ET AL, | § § | |
| | § | |
| *Defendant*. | § § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

### I.       Introduction

Before the Court is Defendant 9X Media, Inc.'s ("9x Media") Motion to Dismiss for Lack of Personal Jurisdiction or in the alternative Motion to Transfer Venue to the Northern District of California.  (Dkt. No. 188.)   The Court has carefully considered the parties' briefs and respective arguments and for the following reasons DENIES 9X Media's motion.

### II.       Factual and Procedural Background

Plaintiff Mass Engineered Design, Inc. is a corporation organized and existing under the laws of the province of Ontario, Canada.   Plaintiff Jerry Moscovitch is an individual residing in the province of Ontario, Canada.   Defendant 9X Media is a corporation organized under the laws of the State of California with its principal place of business in Los Gatos, California.   Plaintiffs are the owner and licensee of U.S. Patent No. RE 36,978 ('978 Patent), and the plaintiffs are suing multiple defendants, including 9X Media, for patent infringement.

III.   **Discussion**

A.      **Applicable Law Regarding Personal Jurisdiction**

Federal Circuit law governs the issue of personal jurisdiction in this patent infringement case involving an out-of-state defendant.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).   Personal jurisdiction is appropriate over the defendant if the state's long-arm statute permits the assertion of jurisdiction without violating federal due process.  *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).   Texas's long-arm statute reaches to the constitutional limits; therefore, we only ask if exercising jurisdiction over the defendant would offend due process and the jurisdictional analysis under Texas and federal law are the same.   *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002).   The "constitutional touchstone" for determining whether personal jurisdiction over the defendant would offend due process is "whether the defendant purposefully established 'minimum contacts' in the forum."  *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).   In addition, once the defendant's "minimum contacts" with the forum have been established, the Court must also consider whether the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *Id.* at 466 (citing *Int'l Shoe*, 326 U.S. at 320).

Personal jurisdiction has generally been divided into two categories: general personal jurisdiction and specific personal jurisdiction.   General personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts."  *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003).   General personal jurisdiction is

2

not at issue in the present case because the plaintiffs do not appear to argue that general personal jurisdiction exists.   To determine whether specific personal jurisdiction exists, however, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair.   *Nuance Commc'ns*, 626 F.3d at 1231.   The first two elements relate to the requirement of "minimum contacts" and the third element relates to the notion of "fair play and substantial justice."   *See id.*; *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

Where the parties have not conducted jurisdictional discovery, the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction.   *Silent Drive*, 326 F.3d at 1201.

**B.     Analysis**

The Court holds that this case is analogous to this Court's previous case of *Seoul Semiconductor Co., LTD v. Nichia Corp.*, Civ. No. 2:07-CV-276, 2008 WL 4252444 (E.D. Tex. Sept. 10, 2008) (Ward J.) and therefore holds that the motion to dismiss for lack of personal jurisdiction is DENIED for similar reasons.

In *Seoul Semiconductor*, the defendant who asserted the Rule 12(b)(2) motion had an active website that allowed customers to buy its product in the United States and this District. 2008 WL 4252444, at *1.   The defendant also admitted that it sold some products in Texas.   *Id.* The defendant, however, argued that those sales could not be considered for purposes of establishing specific personal jurisdiction because those products sold were not covered by the asserted patents in that case.   *Id.*   This Court rejected the defendant's argument that those sales

could not be considered for purposes of specific personal jurisdiction and relied on the Federal Circuit case of *Akro Corp. v. Luker*, 45 F.3d 1541, 1547-48 (Fed. Cir. 1995) (relying in part on *B & J Mfg. v. Solar Indus.*, 483 F.2d 594 (8th Cir. 1973)).   This Court concluded that the defendant's "website, combined with its sale of products in the Eastern District of Texas, is sufficient to allow the exercise of specific jurisdiction in the Eastern District of Texas."   *Seoul Semiconductor*, 2008 WL 4252444, at *1.   This Court also held that exercising personal jurisdiction comports with traditional notions of fair play and substantial justice because the defendant actively sought business in Texas through both traditional channels as well as through the internet.   *Id.* at *2.

In the present case, 9X Media admits that it has sold products in Texas but states that those sales are not related to this litigation as they are not covered by the patent-in-suit.   (Mikes Decl., attached to Dkt. No. 188.)   The Court rejects this argument based on its reasoning in *Seoul Semiconductor*.   In addition, 9X Media claims that it has made less than approximately twenty sales within the State of Texas over the last ten years.   (*Id.*)   In accordance, 9X Media states that the "cumulative revenue generated from these sales as compared to 9X Media's overall revenue is negligible."   (*Id.*)   9X Media, however, has conveniently not disclosed the revenue from those sales, and the Court observes that many of 9X Media's products, such as its video walls, multi-screen displays, and multi-screen serves, are extremely expensive.   (*See* Ex. A & B, attached to Dkt. No. 193.)   Additionally, 9X Media has an active website similar to the website in *Seoul Semiconductors*.   9X Media not only actively seeks customers on the website, but it also actively seeks potential retailers in Texas.   The website specifically directs potential Texas retailers to fax the appropriate tax documents that are required in Texas.   (Ex. C, at 2, attached to Dkt. No. 193 (listing "Texas" under the "Sales Tax" information header).)   Hence, the Court

4

DENIES the motion to dismiss for lack of personal jurisdiction for the same reasons it described in *Seoul Semiconductors*.   At this time, the plaintiffs need only make a prima facie case of personal jurisdiction, and the plaintiffs have done so.

Finally, 9X Media, in the alternative, asks that the Court transfer this case to the Northern District of California.   9X Media, however, as the movant, has not provided the Court with the proof that is required to establish that the Court should transfer venue.   9X Media has not provided the Court with information regarding the location of potential witnesses, issues of judicial economy, location of sources of proof, and any other information that might be helpful to the Court in deciding a motion to transfer venue.   Instead, 9X Media only provides a few conclusory sentences in its briefs that request the Court to transfer venue to the Northern District of California, and this is not sufficient.   Therefore, the alternative motion to transfer venue is DENIED.

## IV.   Conclusion

Therefore, for the foregoing reasons, the Court DENIES Defendant 9X Media's motion to dismiss for lack of personal jurisdiction.   (Dkt. No. 188.)   The Court also DENIES Defendant 9X Media's alternative motion to transfer venue to the Northern District of California.   (Dkt. No. 188.)

It is so ORDERED.

SIGNED this 25th day of March, 2011.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

5