## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC.; and<br>JERRY MOSCOVITCH<br><br>        Plaintiffs,<br><br>v.<br><br>9X MEDIA INC., ET AL.<br><br>        Defendants. | Case No.  2:09-cv-00358<br><br>JURY TRIAL DEMANDED |

## DEFENDANT SBFI NORTH AMERICA'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendant SBFI North America ("SBFI" or "Defendant") files its Original Answer to Plaintiff's First Amended Complaint for Patent Infringement ("Complaint").  As stated in more detail in the first defense below, the service of the Complaint on SBFI was defective. SBFI would show the Court as follows:

1. SBFI lacks sufficient information to admit or deny the allegations of Paragraph 1 and therefore denies them.

2. SBFI lacks sufficient information to admit or deny the allegations of Paragraph 2 and therefore denies them.

3. SBFI lacks sufficient information to admit or deny the allegations of Paragraph 3 and therefore denies them.

4. SBFI lacks sufficient information to admit or deny the allegations of Paragraph 4 and therefore denies them.

5.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 5 and therefore denies them.

6.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 6 and therefore denies them.

7.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 7 and therefore denies them.

8.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 8 and therefore denies them.

9.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 9 and therefore denies them.

10.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 10 and therefore denies them.

11.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 11 and therefore denies them.

12.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 12 and therefore denies them.

13.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 13 and therefore denies them.

14.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 14 and therefore denies them.

15.      SBFI lacks sufficient information to admit or deny the allegations of Paragraph 15 and therefore denies them.

16.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 16 and therefore denies them.

17.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 17 and therefore denies them.

18.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 18 and therefore denies them.

19.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 19 and therefore denies them.

20.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 20 and therefore denies them.

21.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 21 and therefore denies them.

22.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 22 and therefore denies them.

23.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 23 and therefore denies them.

24.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 24 and therefore denies them.

25.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies them.

26.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies them.

27.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies them.

28.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 28 and therefore denies them.

29.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 29 and therefore denies them.

30.     SBFI admits that it is a North Carolina company and has a place of business at 123 Lyman Street in Ashville, North Carolina.  SBFI denies the remaining allegations of paragraph 30 and specifically denies that it was properly served in this action.

31.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 31 and therefore denies them.

32.     SBFI admits this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States.  SBFI denies the remaining allegations of Paragraph 32 of the Complaint.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. RE 36,978

33.     SBFI admits that Exhibit A purports to be a copy of the '978 Patent.  SBFI lacks sufficient information to admit or deny the remaining allegations of Paragraph 33 and therefore denies them.

34.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 34 and therefore denies them.

35.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 35 and therefore denies them.

36.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 36 and therefore denies them.

37.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 37 and therefore denies them.

38.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 38 and therefore denies them.

39.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 39 and therefore denies them.

40.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 40 and therefore denies them.

41.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 41 and therefore denies them.

42.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 42 and therefore denies them.

43.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 43 and therefore denies them.

44.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 44 and therefore denies them.

45.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 45 and therefore denies them.

46.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 46 and therefore denies them.

47.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 47 and therefore denies them.

48.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 48 and therefore denies them.

49.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 49 and therefore denies them.

50.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 50 and therefore denies them.

51.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 51 and therefore denies them.

52.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 52 and therefore denies them.

53.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 53 and therefore denies them.

54.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 54 and therefore denies them.

55.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 55 and therefore denies them.

56.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 56 and therefore denies them.

57.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 57 and therefore denies them.

58.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 58 and therefore denies them.

59.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 59 and therefore denies them.

60.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 60 and therefore denies them.

61.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 61 and therefore denies them.

62.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 62 and therefore denies them.

63.     SBFI denies the allegations set forth in Paragraph 63 of the Complaint.

64.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 64 and therefore denies them.

65.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 65 and therefore denies them.

66.     SBFI lacks sufficient information to admit or deny the allegations of Paragraph 66 and therefore denies them.

## I. FIRST DEFENSE
## DEFECTIVE SERVICE

The Complaint was improperly served upon Defendant.   Specifically, but without limitation, the Complaint was not delivered to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process; nor was service accomplished in accordance with state law for serving a summons.  Therefore, Plaintiff's claim should be dismissed pursuant to Rule 12(b)(4) and/or (5) of the Federal Rules of Civil Procedure.

## II. SECOND DEFENSE
## FAILURE TO STATE A CLAIM

One or more claims for relief in the Complaint fails to state a claim upon which relief may be granted.

## III. THIRD DEFENSE
## NON-INFRINGEMENT

Subject to and without waiving the foregoing defenses, and pleading specifically in response to the corresponding numbered sections of Plaintiff's Complaint, SBFI answers as follows:

## IV. FOURTH DEFENSE
## NON-INFRINGEMENT

SBFI has not infringed any valid claim of the '978 Patent, either literally, directly, contributorily, by inducement, or under the doctrine of equivalents, nor has SBFI committed any act that gives rise to liability for infringement of the '978 Patent, and SBFI is without any liability to Plaintiff.

## V. FIFTH DEFENSE
## NO WILLFUL INFRINGEMENT

SBFI has not intentionally, willfully, or deliberately infringed any claim of the '978 Patent.

## VI. SIXTH DEFENSE
## INVALIDITY

Each claim of the '978 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 251 and/or 252.

## VII. SEVENTH DEFENSE
## LIMITATION ON DAMAGES

Plaintiff may not recover money damages for any alleged infringement committed more than six years prior to filing Plaintiff's Original Complaint (35 U.S.C. § 286), and, to the extent Plaintiff failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiff may not recover damages prior to filing of Plaintiff's Original Complaint.

## VIII. EIGHTH DEFENSE
## PROSECUTION HISTORY ESTOPPEL

Plaintiff is estopped to construe the claims of the '978 Patent in such a way as may cover any SBFI product or process by reason of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance and/or re-issuance of the '978 Patent.

## IX. NINTH DEFENSE
## WAIVER AND/OR EQUITABLE ESTOPPEL

The '978 Patent is unenforceable by reason of the doctrine of waiver and/or equitable estoppel.

## X. TENTH DEFENSE
## LACHES

Plaintiff's claims for damages derived from the '978 Patent are barred, in whole or in part, by the doctrine of laches.

## XI. ELEVENTH DEFENSE
## PROSECUTION LACHES

Plaintiff claims for damages derived from the '978 Patent are barred, in whole or in part, by the doctrine of prosecution laches.

## XII. TWELFTH DEFENSE
## WAIVER

Plaintiff has waived the right to enforce Plaintiff's claims of patent infringement.

## XIII. THIRTEENTH DEFENSE
## INTERVENING RIGHTS

Plaintiff claims for patent infringement are barred under 35 U.S.C. § 252.

## XIV. FOURTEENTH DEFENSE
## LICENSE AND PATENT EXHAUSTION

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products are supplied or used, directly or indirectly to SBFI by an entity or entities having express or implied licenses to Patents and/or (ii) under the doctrine of patent exhaustion.

## XV. FIFTEENTH DEFENSE
## NO BASIS FOR INJUNCTION

Neither preliminary nor permanent injunctive relief is available to Plaintiff under the legal standards for injunctions because, among other things, Plaintiff is not competing with SBFI and is not practicing the alleged invention.  In addition, the balance of hardships and public interest do not favor an injunction in this case.  *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

## XVI. SIXTEENTH DEFENSE
## IMPROPER JOINDER

Plaintiff has improperly joined SBFI in this action because the claims against it and the claims against the other named defendants did not arise out of the same transaction of series of transactions.

## XVII. SEVENTEENTH DEFENSE
## FAILURE TO STATE A CAUSE OF ACTION FOR INDIRECT INFRINGEMENT

Plaintiffs fail to state a cause of action for indirect infringement because (1) they fail to plead any facts that SBFI had knowledge of the '978 patent and (2) they fail to plead facts from which it could be reasonably inferred that SBFI intended to encourage direct infringement by others, had knowledge that its allegedly inducing acts would cause infringement, or was willfully blind to such a possibility under the inducement standard recently set forth by the U.S. Supreme Court in *Global-Tech Appliances, Inc.* v. *SEB SA.,* 563 U.S. ___, 131 S. Ct. 2060 (2011).

## RESERVED DEFENSES

SBFI reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## REQUEST FOR ATTORNEYS' FEES

Plaintiff's claims are frivolous, unreasonable, and groundless, and Defendant is therefore entitled to recover reasonable attorney's fees and expenses.

WHEREFORE, Defendant respectfully requests that upon final trial and hearing hereof, that the Court:

1.      Dismiss Plaintiff's claims against Defendant with prejudice;

2.      Award Defendant its costs of suit and reasonable attorney's fees incurred in defending against Plaintiff's claims; and

3.      Grant Defendant such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Scott E. Stevens
State Bar No. 00792024
Darrell G. Dotson
State Bar No. 24002010
Todd Y. Brandt
State Bar No. 24027051
Scott A. Severt
State Bar No. 24066048
STEVENS LOVE
P.O. Box 3427
Longview, Texas  75606
Telephone:  (903) 753–6760
Facsimile:  (903) 753–6761
scott@stevenslove.com
darrell@stevenslove.com
todd@stevenslove.com
ssevert@stevenslove.com

Attorneys for Defendant SBFI North America

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 13th day of September, 2011.

Scott E. Stevens